## THE STATE v. DAVIS, *Appellant*.

### Division Two, May 8, 1894.

Criminal Law : FELONIOUS ASSAULT: INDICTMENT.    An indictment for an assault with intent to kill, which fails to charge that the assault was made with a felonious intent, is fatally defective.

*Appeal from Mercer Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*Harber & Knight* for appellant.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

The first count in the indictment, the one under which defendant was convicted, is fatally defective, in that it fails to charge that the assault was done with a felonious intent. This being true, the judgment must, we concede, be reversed and the cause remanded. *State v. Hang Tong*, 115 Mo. 389; *State v. Clayton*, 100 Mo. 516; *State v. Doyle*, 107 Mo. 36; *State v. Feaster*, 25 Mo. 326; *State v. Davis*, 29 Mo. 396; R. S. 1889, sec. 3489.    In view of the fact that the record in this cause presents a crime of unusual brutality, and one overwhelmingly established by the testimony, respondent respectfully urges that the cause be remanded and

defendant held, that a new indictment may be preferred against him.

GANTT, P. J.—The defendant was indicted in the Grundy circuit court, at the December term, 1891, and having been arraigned, applied for, and obtained, a change of venue to Mercer county. At the March term, 1893, the defendant was convicted and sentenced to the penitentiary for four years. The record in this case only reached this court on the second day of February last. Inasmuch as this cause must be reversed and remanded because the indictment fails to charge that the assault was committed with a felonious intent. another inexcusable delay must occur in the prosecution of this cause.

The bill of exceptions was signed by the judge on the twenty-fifth of July, 1893, and yet the clerk did not certify this transcript to this court until January 29, 1894, a delay of over six months. Such delays in the administration of justice are a reproach to the courts.

The judgment is reversed and cause remanded, that a new indictment may be found, if desired. All of this division concur.